**IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Sumfinidade Unipessoal LDA, <br><br> Plaintiff, <br><br> v. <br><br> The Arena Group Holdings, Inc. <br> Defendant. | Case No: <br><br><br> **COMPLAINT** <br><br><br> JURY TRIAL DEMANDED |

Plaintiff Sumfinidade Unipessoal LDA ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant The Arena Group Holdings, Inc.("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1.      This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2.      Nico Trinkhaus ("*Trinkhaus*") is a contemporary German travel and architecture photographer known for his dramatic high-dynamic-range cityscapes and landscapes. He specializes in urban environments, night photography, and "blue hour" shots of iconic European cities like Kraków, Prague, and Berlin. Trinkaus is an award-winning artist, having earned recognition at the New York Photography Awards for his piece "First Light on the Kraków Main Square" and the MUSE Photography Awards for his photograph "Cathedral Island and Tumski Bridge at Night" in Wrocław.

3.      Trinkhaus  created a photograph of the Barahat Msheireb located in the Msheireb Downtown district of Doha, Qatar ("*Photograph 1*") and a photograph of the Belém Tower located in Lisbon, Portugal ("*Photograph 2*") in which Plaintiff owns the rights and licenses for various uses including online and print publications. (Hereinafter referred to collectively as the *"Photographs")*.

1

4.      Defendant The Arena Group Holdings, Inc. ("Defendant") is, upon information and belief, a corporation engaged in the business of owning, operating, publishing, managing, and controlling a network of digital-media websites, online publications, content platforms, and related services.

5.      Upon information and belief, during the period relevant to this action, including December 2022 and July 2023, Defendant owned, operated, managed, maintained, and controlled numerous digital-media properties and online publications through its content-publishing platform and affiliated business entities.

6.      Upon information and belief, the websites WanderWisdom.com (the "WanderWisdom Website") and MensJournal.com (the "Mens Journal Website") were part of Defendant's network of digital-media properties and online publications during the relevant period. (Hereinafter collectively referred to as the "Websites").

7.      Upon information and belief, Defendant's Terms of Use in effect during the relevant period expressly identified the digital-media platform through which the WanderWisdom Website and Mens Journal Website operated as being provided by The Arena Group Holdings, Inc. and its affiliated entities, including HubPages, The Arena Platform, Inc., and The Arena Media Brands, LLC.

8.      Upon information and belief, Defendant exercised editorial, managerial, operational, and financial control over the WanderWisdom Website and the Mens Journal Website, including the creation, acquisition, selection, editing, publication, display, distribution, and removal of content appearing thereon.

9.      Upon information and belief, Defendant maintained the right and ability to supervise, authorize, review, approve, modify, remove, and otherwise control content appearing on the WanderWisdom Website and the Mens Journal Website and was responsible for the acts of its employees, officers, agents, contractors, editors, content creators, moderators, and other representatives acting within the course and scope of their authority.

10.     At all relevant times, content published, displayed, reproduced, distributed, and

2

otherwise made available on the WanderWisdom Website and the Mens Journal Website was subject to Defendant's direction and control, including the infringing content alleged herein.

11.    Upon information and belief, Defendant used the WanderWisdom Website and the Mens Journal Website in furtherance of its commercial enterprise and derived financial and promotional benefits from the content displayed thereon, including through advertising, audience engagement, brand promotion, consumer traffic, subscription activities, and the advancement of Defendant's business interests.

12.    Defendant, without authorization, reproduced and publicly displayed the Photographs in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

13.    Plaintiff is a limited company in Portugal and maintains a principal place of business in Portugal.

14.    Defendant is a Delaware Corporation with a principal place of business at 200 Vesey Street, 24th Floor, Manhattan in New York County, New York.

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

16.    This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

17.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant resides in, regularly conducts business in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District.

## FACTS COMMON TO ALL CLAIMS

**A.    Plaintiff's Copyright Ownership**

18.    Plaintiff is a professional photography company and is the legal and rightful owner

3

of certain photographs which Plaintiff commercially licenses.

19.     Plaintiff has invested significant time and money in building its photography business and creating a portfolio of original photographs.

20.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

21.     Plaintiff regularly licenses Plaintiff's photographs to media outlets, brands, and commercial entities for a fee.

22.     Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

23.     On April 29, 2022, Plaintiff first published Photograph 1. A copy of Photograph 1 is attached hereto as Exhibit 1.

24.     On July 19, 2022, Photograph 1 was registered by the USCO under Registration No. VA 2-312-755.

25.     On February 18, 2018, Plaintiff first published Photograph 2. A copy of Photograph 2 is attached hereto as Exhibit 1.

26.     On June 2, 2018, Photograph 2 was registered by the USCO under Registration No. VA 2-106-548.

27.     In creating the Photographs, Trinkhaus personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

28.     Trinkhaus created the Photographs with the intention of it being used commercially and for the purpose of display and/or public distribution.

29.     Plaintiff acquired all right, title, and interest in and to the Photographs, including the copyrights therein and the right to enforce those copyrights, by way of written assignment.

**B.     Defendant's Infringing Activity**

30.     Defendant is the registered owner of the Websites.

4

31.     Defendant is the operator of the Websites.

32.     Defendant is responsible for the Websites' content.

33.     The Websites are part of and used to advance Defendant's commercial enterprise.

34.     The Websites are monetized through advertising, audience engagement, sponsored content, affiliate relationships, subscriptions, merchandise sales, and related revenue-generating activities.

35.     Upon information and belief, the Websites form part of Defendant's commercial enterprise and are used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

36.     Upon information and belief, Defendant is an experienced digital publisher that regularly licenses and uses professional photography in connection with its commercial content.

37.     Upon information and belief, Defendant knew or should have known that the Photographs were protected by copyright, including because the Photographs were of professional quality and distributed through commercial channels. Despite this, Defendant used the Photographs without seeking permission or obtaining a license.

38.     Upon information and belief, Defendant's personnel have significant experience in copyright matters and are familiar with industry practices requiring that photographs used in commercial content, advertising, marketing materials, publications, and social-media posts be properly licensed.

39.     Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

40.     Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

41.     Upon information and belief, Defendant has previously been named in other

5

copyright infringement actions involving photographic works, placing Defendant on notice of its copyright obligations.

42.    Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

43.    On or about December 12, 2022, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed Photograph 1 on Website 1 as part of an on-line post at URL: https://wanderwisdom.com/travel-destinations/Flying-to-Doha-What-to-do-in-the-capital-of-Qatar-besides-going-to-football ("*Infringement 1*"). A copy of a screengrab depicting Infringement 1 is attached hereto as Exhibit 2.

44.    Photograph 1 was willfully and volitionally reproduced, displayed, and stored by Defendant at URL: https://images.saymedia-content.com/.image/c_limit%2Ccs_srgb%2Cq_auto:eco%2Cw_700/MTkzOTQ2MTI0NDk0NDQ4MzA1/flying-to-doha-what-to-do-in-the-capital-of-qatar-besides-going-to-football.webp.

45.    On or about July 18, 2023, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed Photograph 2 on Website 2 as part of an on-line post at URL: https://www.mensjournal.com/wine/the-best-wine-bars-in-lisbon ("*Infringement 2*"). A copy of a screengrab depicting Infringement 2 is attached hereto as Exhibit 2. (Hereinafter the unauthorized uses set forth above are referred to as the "*Infringements*").

46.    Photograph 2 was willfully and volitionally reproduced, displayed, and stored by Defendant at URL: https://www.mensjournal.com/.image/c_limit%2Ccs_srgb%2Cq_auto:good%2Cw_700/MTk5NDM4NDkzMjM4MTc1Njk0/belem-tower-lisbon-portugal-evening-blue-hour.webp.

47.    The Infringements are copies or substantially similar copies of Plaintiff's Photographs, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

48.    Plaintiff first observed the Infringements on December 26, 2023.

49. Upon information and belief, the Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs.

50. The Infringements each include a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

51. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Websites, including Plaintiff's Photographs.

52. Defendant exercised control over the content published on its Websites and was responsible for selecting, uploading, and displaying the Photographs. Defendant used the Photographs in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.

53. Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Websites by, inter alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf, including but not limited to Temoor Dar, for Photograph 1, whom Defendant publicly identifies as an author through its Website and Matthew Kaner, for Photograph 2, who is publicly identified as a Wine Correspondent for the Website (collectively, the "*Representatives*").

54. Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Websites on Defendant's behalf.

55. Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photographs.

56. Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on

the Websites, including the content containing Plaintiff's Photographs.

57.      Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Websites. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringements.

58.      Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Websites and exercised such control through its Representatives acting within the course and scope of their authority.

59.      Upon information and belief, the Photographs were intentionally and willfully selected, published, displayed, and distributed by Defendant.

60.      Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

61.      Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

62.      Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Websites.

63.      Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Websites and exercised and/or had the right and ability to exercise such right.

64.      Upon information and belief, Defendant monitors the content on its Websites.

65.      Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

66.      Upon information and belief, the Infringements increased traffic to the Websites

8

and, in turn, caused Defendant to realize an increase in its business revenues.

67.     Upon information and belief, Defendant distributed the Infringements to a broad audience through the Websites and derived commercial value from the resulting user traffic, engagement, advertising impressions, and/or promotional exposure.

68.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

69.     Defendant's use of the Photographs harmed the actual market for the Photographs.

70.     Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

71.     Defendant's unauthorized use usurps the market for licensed uses of the Photographs and undermines Plaintiff's ability to license its work to other commercial entities.

72.     On or about May 30, 2024, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

73.     Thereafter, on or about July 31, 2024, Plaintiff, through counsel, sent a follow-up communication seeking to resolve the dispute without litigation and affording Defendant an additional opportunity to address Plaintiff's claims.

74.     Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims, thereby necessitating the commencement of this action.

75.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST CAUSE OF ACTION**
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

76.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

77.     The Photographs are original, creative works in which Plaintiff owns valid

9

copyrights.

78.     The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

79.     Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

80.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed and publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

81.     Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright infringement.

82.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority.

83.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

84.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

85.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

**SECOND CAUSE OF ACTION**
*(Vicarious Copyright Infringement)*

86.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

87.     Upon information and belief, at all material times hereto, Defendant possessed and exercised the right and ability to supervise, control, approve, review, modify, remove, and otherwise regulate the conduct of its Representatives with respect to content appearing on the Websites.

88.     As a direct and proximate result of such conduct, Defendant profited from and materially benefited from the Infringement.

89.     Defendant enjoyed a direct financial benefit from the Infringement from, *inter alia*, advertising revenue from the increased traffic to its Websites and from increase in fees paid by advertisers and sponsors.

90.     Upon information and belief, Defendant enjoyed a direct financial benefit from using the appeal or "draw" of Plaintiff's Photograph to increase user traffic to the Website, thereby increasing advertising revenue.

91.     To the extent the infringing conduct was undertaken by Defendant's employees, contractors, authors, contributors, or other representatives, Defendant is liable as a vicarious infringer because it possessed the right and ability to supervise, control, and prevent the Infringement, derived a direct financial benefit from the Infringement, and failed to prevent or stop the Infringement.

92.     Upon information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

93.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each

11

copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

94.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

95.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

96.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

   a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photographs by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

   b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

   c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

   d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

   e.    for pre-judgment interest as permitted by law; and

   f.    for any other relief the Court deems just and proper.

12

DATED: July 10, 2026

**SANDERS LAW GROUP**

By: _____/s/ Craig Sanders_____
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129400

*Attorneys for Plaintiff*