UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

Sumfinidade Unipessoal LDA,

Plaintiff,

-against-

The Arena Group Holdings, Inc,

Defendant.
------------------------------------------------------------------------X

Case. No: 1:26-cv-05847-LGS

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. DESIGNATING PROTECTED MATERIAL

1.1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information and entitled to confidential treatment under applicable law ("Confidential Information"). Each Party or Non-Party that designates information or items for protection under this Order (a "Designating Party") must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Designating Party's attention that

information or items that it designated for confidentiality protection under this Order do not qualify for such protection, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

1.2. Except as otherwise provided in this Order or as otherwise stipulated or ordered, materials and information that qualify for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

1.2.1. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings): that the Designating Party affix the legend "CONFIDENTIAL" to each page that contains Confidential Information. If only a portion or portions of the material on a page qualifies for protection as Confidential Information, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). Any document produced in native format shall contain the legend "CONFIDENTIAL" in the title of the document instead of on each page of the document. Notwithstanding the foregoing, where a Designating Party produces a voluminous volume of documents or electronically stored information, that Designating Party may satisfy the marking requirement of this subsection by identifying the produced material as Confidential Information in a cover letter or production log referencing the applicable Bates-number range(s), in lieu of affixing the "CONFIDENTIAL" legend to each page or document, provided that the receiving party is given clear and specific written notice of the scope of the designation at or before the time of production.

A Designating Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the

designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting party has identified the documents it wants copied and produced, the Designating Party must determine which documents, or portions thereof, qualify for protection as Confidential Information under this Order. Then, before producing the specified documents, the Designating Party shall affix the appropriate "CONFIDENTIAL" designation to each page that contains Confidential Information. If only a portion or portions of the material on a page qualifies for protection as Confidential Information, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

1.2.2. For testimony given in deposition or in other pretrial or trial proceedings: that the Designating Party may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and/or it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) or prior to commencement of the deposition, hearing, or other proceeding a right to have up to 45 days after receiving the transcript of the testimony to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 45 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, if appropriate, at the deposition or up to 45 days after receiving the transcript of the testimony if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Confidential Information, so that the other parties can ensure that only persons authorized to have access to Confidential Information under this Order

are present at those proceedings at the pertinent times. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

Transcripts containing Confidential Information shall have an obvious legend on the title page that the transcript contains Confidential Information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential Information. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 45-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

1.2.3. For information produced in some form other than documentary and for any other tangible items: that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portion(s).

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action. No person receiving Confidential Information shall use it for any business, competitive, or commercial purpose, or for any purpose other than the prosecution, defense, or settlement of this action.

3. CHALLENGING CONFIDENTIALITY DESIGNATIONS:

3.1 Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

3.2 Meet and Confer. A Party challenging a confidentiality designation (a "Challenging Party") shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

3.3 Judicial Intervention. If a dispute as to a designation of a document or item of information cannot be resolved by agreement, the Challenging Party shall present the dispute to the Court. The Designating Party that made the disputed designation of material as "CONFIDENTIAL" bears the burden of proving it was properly designated. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. The Challenging Party must obtain a court order before disseminating the information to anyone other than the categories of persons set forth in Section 4.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any

person, except:

4.1. The receiving party and counsel, including in-house counsel;

4.2. Employees of such counsel assigned to and necessary to assist in the litigation;

4.3. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

4.4. The Court (including any person having access to any Confidential Information by virtue of his or her position with the Court); and,

4.5. Any non-Court-employer mediator(s) who are engaged to oversee a mediation between the parties to this action.

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

5.1. Inform the person of the confidential nature of the information or documents;

5.2. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

5.3. For persons within the categories set forth at Paragraph 4[c] and 4[e], require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right of a party to secure protection under this Order by subsequently designating such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as

Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. All Confidential Information, whether in paper or electronic form, shall be stored, transmitted, and maintained by the receiving party in a manner reasonably designed to prevent unauthorized access, including through the use of password protection, access controls, and encryption where appropriate, and access shall be limited to those persons authorized to receive such information under this Order.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the

presiding judge, as well as Section 6 of the Court's ECF Rules & Instructions.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed. Notwithstanding the foregoing, outside counsel of record may retain one archival copy of pleadings, motion papers, discovery responses, expert reports, deposition transcripts and exhibits, correspondence, and attorney work product that contain or reflect Confidential Information, provided that such archival copy shall remain subject to the terms of this Order and shall not be used for any purpose other than in connection with this action, including, without limitation, in connection with any other legal action, proceeding, or dispute. Upon request from a Designating Party, a receiving party in possession of Confidential Information designated as such by the Designating Party shall provide a written certification confirming compliance with this paragraph.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena or other compulsory legal process, provided that, unless prohibited by law from doing so, the party from whom disclosure is sought shall give the Designating Party prompt written notice of such subpoena or legal process, in no event later than ten (10) business days after receipt (or, if compliance is required sooner, as promptly as possible under the circumstances), so as to afford the Designating Party a reasonable opportunity to object, seek a protective order, or otherwise move to quash before any Confidential Information is disclosed. If the Designating Party timely objects, moves to quash, or seeks a protective order, the party from whom disclosure is sought shall not disclose the Confidential Information unless and until the objection is resolved by agreement of the parties or order of a court of competent jurisdiction,

except to the extent disclosure is required sooner by applicable law.

13. A non-party from whom discovery is sought in connection with this action may designate its own documents or information as Confidential Information in accordance with Section 1 of this Order, and any such documents or information shall thereafter be subject to, and the non-party shall be entitled to the protections of, this Order to the same extent as if produced by a party.

14. The obligations imposed by this Order shall survive the termination of this action, and the Court shall retain jurisdiction over the parties and any person subject to this Order for purposes of enforcing its terms after the conclusion of this litigation.

15. The parties acknowledge that the Court retains discretion as to whether, in Order and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

**SO STIPULATED AND AGREED.**

Dated: September 18, 2026
New York, New York

Respectfully submitted,

SANDERS LAW GROUP

By: **DRAFT**
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129400
Attorneys for Plaintiff

MEISTER SEELIG & SCHUSTER PLLC

By: ***/s/ Alexander Malbin***
Alexander Malbin, Esq.
125 Park Avenue, 7th Floor
New York, NY 10017
(T) (212) 655-3540
arm@mss-pllc.com
*Attorneys for Defendant*

So Ordered.

Dated: September 21, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Sumfinidade Unipessoal LDA,

Plaintiff,

-against-

The Arena Group Holdings, Inc.,

Defendant.
------------------------------------------------------------------------X

**NON-DISCLOSURE AGREEMENT**

1:26-CV-05847-LGS

I, ______________________________, acknowledge that I have read and understand the Stipulated Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all such discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Stipulated Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Stipulated Protective Order could subject me to punishment for contempt of Court. This executed acknowledgment shall be retained by counsel for the party by whom I was retained or engaged and need not be filed with the Court.

Dated:___________________, 20__

______________________________ ______________________________
Name (printed) Signature

Signed in the presence of:

______________________________
(Attorney)